**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RONALD WAYNE EDMOND, ID # 579280, Petitioner, | ) ) ) ) | |
| vs. | ) ) | No. 3:09-CV-1443-O-BH |
| KAREN MITCHELL, Respondent. | ) ) ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Pursuant to a state statute, Petitioner filed a petition for writ of mandamus to compel the District Clerk for the Northern District of Texas ("the Clerk") to transmit a copy of an application for writ of habeas corpus to the Texas Court of Criminal Appeals.[1] (*See* Pet. at 1.) He contends that the Clerk has a duty to transmit his writ application and has violated state law by not doing so. (*See id.* at 2-3.) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

As a prisoner seeking redress from an officer or employee of a governmental entity, petitioner's petition is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal if the Court finds the action "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

---

[1] The petition is not clear as to whether petitioner seeks to compel Ms. Mitchell to transmit his federal writ filed in Cause No. 3:08-CV-1471 or some other writ to the Texas Court of Criminal Appeals.

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

### III. MANDAMUS

Although petitioner purports to bring this mandamus action pursuant to state law, state law provides an improper basis for a mandamus action in federal court. Section 1361 of Title 28 of the United States Code provides the proper jurisdictional basis for this mandamus action.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. In addition, § 1361 limits such compelled action to the performance of a duty owed to the plaintiff, or in this case, the petitioner.

Petitioner seeks to compel the Clerk of Court for the Northern District of Texas to transmit an application for writ of habeas corpus to the Texas Court of Criminal Appeals. He has not shown that the Clerk owes him any duty to transmit any application for writ of habeas corpus to the Texas Court of Criminal Appeals, however. The Clerk has no authority to transmit any application for writ of habeas corpus to state court. In the absence of a duty owed to petitioner by the Clerk, the Court is without authority to grant a writ of mandamus in this case, and the petition for writ of mandamus should be dismissed as frivolous.

### IV. PROPRIETY OF SANCTIONS

The federal courts possess the inherent power "to protect the efficient and orderly admin-

istration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"Petitioner is no stranger to the federal court system." *See Edmond v. Quarterman*, No. 3:08-CV-1396-M, 2008 WL 5157857, at *2 (N.D. Tex. Dec. 8, 2008) (accepting recommendation of Mag. J.) Because his "litigation history reveal[ed] an individual who has chosen to burden the courts with numerous vexatious and frivolous civil and habeas actions", this Court previously barred him from proceeding *in forma pauperis* in any future habeas action, required him to submit the fee with any future habeas filing, and warned him that additional sanctions could be imposed for continued abusive litigation practices.[2] *Id.* at *4-5. Since those sanctions were imposed, petitioner has filed a habeas action without complying with the sanctions, *see Edmond v. Quarterman*, No. 3:09-CV-1231-B (N.D. Tex.), and pursued this frivolous mandamus action.

Given petitioner's disregard for the imposed sanctions and his pursuit of this frivolous action, extension of the prior sanctions to bar him from proceeding *in forma pauperis* in any future civil action – habeas, mandamus, or otherwise. The Court should require that any future action be accompanied by the requisite filing fee. It should also order that non-compliant filings be subject to summary dismissal for failure to pay the fee, that petitioner pay a $100 monetary sanction to the

---

[2] When the Court previously imposed sanctions, the U.S. Party/Case Index revealed forty prior cases by petitioner. *See Edmond v. Quarterman*, No. 3:08-CV-1396-M, 2008 WL 5157857, at *3 n.1 (N.D. Tex. Dec. 8, 2008). Including this action, petitioner has now had forty-two cases.

Clerk of Court, and that he must pay this monetary sanction and provide proof of payment before filing any new action in federal court. Petitioner should again be admonished or warned that further sanctions may be imposed if he continues to engage in abusive litigation practices.

## V. RECOMMENDATION

The petition for writ of mandamus should be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915A(b)(1), and petitioner should be **BARRED** from proceeding *in forma pauperis* in any future action, **MONETARILY SANCTIONED**, and **WARNED** that he will be subject to additional sanctions if he continues to engage in abusive litigation practices.

**SIGNED this 18th day of September, 2009.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE